UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JENNIFER BURGAND,

                                           Plaintiff,

                              Case No. 1:21-cv-02760(JPO)

    - against -

LOCK N CHARGE TECHNOLOGIES LLC,
STEVE LEDBETTER, and SCOTT MARKHAM,

                                          Defendants.
-------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

       The parties in the above-styled litigation agree that the discovery sought by all parties is likely to involve the production of certain documents and things, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into the Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information. The parties agree that the stipulations and agreements herein shall be binding until such time as the Court issues an order.

       For good cause shown, the Court hereby ORDERS as follows:

       It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

       1.     This Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good

faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Confidential Information shall apply to any documents or information that Plaintiff or Defendants provide during discovery in this litigation and designate as Confidential. Documents and information that may be designated as Confidential for the purposes of this litigation shall include, but are not limited to, competitive business information, proprietary information, trade secrets, corporate Defendants' policies and procedures, salary, compensation and benefits information, disciplinary records, third-party personnel documents, non-party information, internal investigations undertaken by corporate Defendants, patient information, information protected from disclosure by HIPAA, information protected from disclosure by New York Public Health Law Section 2805-m, and all communications involving any of the foregoing areas. Documents and information that may be designated as confidential for the purposes of this Action shall include, but are not limited to, any information of a personal or intimate nature regarding any individual, including but not limited to, Plaintiff's personnel and medical records, as well as any information or documents that contain, reflect or pertain to personal information of Plaintiff, Steve Ledbetter, Scott Markham, and any current or former employee of Lock N Charge Technologies LLC. Plaintiff's medical records shall be confidential upon receipt and even in the absence of a "CONFIDENTIAL" stamp.

3. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-caption action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court by presenting a motion to the Court for an *in camera* review and/or a determination regarding confidentiality after received production. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed in accordance with applicable law and Court rules. Each party also reserves its right to use its own documents or information, which may or may not have designated by a party as "Confidential" in any manner without consent of the opposing party or the Court.

5. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned as necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a. inform the person of the confidential nature of the information or documents; and

    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court. Any party or counsel who produces a witness for a deposition or testimony shall have the responsibility to obtain the witness's signed agreement in advance of the deposition or testimony.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order, provided that the designating party inform all parties in writing of which materials or information is designated as Confidential Information and provide a copy of all such materials stamped "CONFIDENTIAL" to replace the previously undesignated materials.

9. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court.  To the extent the Court requires any further act by the parties as a precondition to the filing of the documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the party who intends to file the documents to satisfy any such precondition, up to and including any sealing motion that may be required. Where possible, only confidential portions of the filings with the Court shall be filed under seal. This Order is not intended to prevent any party from filing with the Court any motion or other supporting papers marked confidential by redacting confidential portions of such documents, when possible, without having to file such document under seal.  Any party who intends to file documents containing confidential information shall give sufficient advance notice to the designating party to allow for cooperative discussion to agree on appropriate redactions or other measures to avoid the necessity of a sealing motion.

10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment and no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

11. At trial, the parties will follow the direction of the Court with respect to the usage of confidential information.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

The parties having stipulated and agreed hereto, it is SO ORDERED, this __8th__ day of December, 2021.

So Ordered:

_____
J. PAUL OETKEN
United States District Judge

So Stipulated and Agreed:

| GODDARD LAW PLLC | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| */s/ Anthony Consiglio* | */s/ Peter Shapiro* |
| Anthony P. Consiglio, Esq. | Peter Shapiro, Esq. |
| 39 Broadway, Suite 1540 | 77 Water Street, Suite 2100 |
| New York, New York 10006 | New York, New York 10005 |
| 646-504-8363 | 212.232.1300 |
| Anthony@goddardlawnyc.com | Peter.Shapiro@lewisbrisbois.com |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |

4867-9361-1781.1                    7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JENNIFER BURGAND

                    Plaintiff,                Case No. 1:21-cv-02760(JPO)

   - against -

LOCK N CHARGE TECHNOLOGIES LLC,
STEVE LEDBETTER and SCOTT MARKHAM

                    Defendants.
---------------------------------------------------------X

## **EXHIBIT A**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with matter entitled *Jennifer Burgand v. Lock N Charge Technologies LLC, et al.* has been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____        DATED: _____
Signed in the presence of

_____

(Attorney)